IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHRISTOPHER OATES, | : |
| | : |
| Petitioner, | : |
| | : CASE NO. 4:14-CR-11-CDL-MSH |
| v. | : 28 U.S.C. § 2255 |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

## **ORDER AND REPORT AND RECOMMENDATION**

Pending before the Court are Petitioner's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 80), appoint counsel (ECF No. 81), and seeking summary judgment (ECF No. 89). For the reasons explained below, Petitioner's motion for appointed counsel is denied and it is recommended that his motions for summary judgment and sentence vacation be denied.

## BACKGROUND

### I. Petitioner's Conviction

Petitioner was arrested on April 17, 2014, based on an indictment accusing him of distributing and possessing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Arrest Warrant, ECF No. 4; Indictment 1-2, ECF No. 1. On July 10, 2014, Petitioner moved to suppress evidence allegedly "retrieved from a computer seized during an illegal search." Mot. to Suppress 1, ECF No. 21. Petitioner and Respondent briefed the motion and the Court held a hearing on July 30,

2014. Min. Sheet re: Mot. to Suppress 1, ECF No. 24; Mot. to Suppress; Resp. to Mot. to Suppress, ECF No. 23. The Court denied the suppression motion at the hearing's conclusion. Min. Sheet re: Mot. to Suppress 1.

On September 3, 2014, Petitioner's trial commenced. Min. Sheet re: Jury Trial 1, ECF No. 37. On September 5, 2014, Petitioner was found guilty of one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1] J. 1, ECF No. 56; Jury Verdict, ECF No. 40. The Court adopted the presentence investigation report ("PSR") without change and, on November 24, 2014, sentenced Petitioner to 120 months imprisonment and lifetime supervised release. Statement of Reasons 1, ECF No. 57; J. 1, 2, 3. Mr. Thomas Flournoy, Jr. served as counsel for Defendant from April 24, 2014, (before any substantive pre-trial motions were filed) through Petitioner's sentencing. Notice of Att'y Appearance, ECF No. 15; Mot. to Withdraw 1, ECF No. 45 (explaining that Mr. Flournoy could not serve as Petitioner's appellate counsel due to "medical issues").

## II. Post-Conviction Actions

Jose Guzman, an attorney with the Federal Defenders office for the Middle District of Georgia ("FDO"), entered his appearance as Petitioner's counsel on December 1, 2014. Notice of Att'y Appearance, ECF No. 58. The next day, Petitioner filed a notice of appeal. Notice of Appeal, ECF No. 59. On January 8, 2015, Timothy Saviello was substituted as

---

[1] Petitioner was found not guilty of the first count of the indictment—distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). J. 1, ECF No. 56; Indictment 1, ECF No. 1; Jury Verdict, ECF No. 40.

2

Petitioner's counsel, replacing Jose Guzman. Notice of Appearance 1, ECF No. 67. In an unpublished September 16, 2015, opinion, the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed Petitioner's conviction. *United States v. Oates*, No. 14-15397, 2 (11th Cir. Sep. 16, 2015), ECF No. 78. The Eleventh Circuit specifically rejected Petitioner's argument that this Court erred in denying his suppression motion. *Id*.

On September 20, 2016, Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 80. He moved for appointed counsel the same day. Mot. to Appoint Counsel, ECF No. 81. Respondent submitted a timely response to Petitioner's § 2255 motion on January 20, 2017.[2] Resp. to Mot., ECF No. 86. Petitioner moved for summary judgment on March 27, 2017, arguing that, because he had not yet received Respondent's response, Respondent had conceded "that [Petitioner] is entitled to vacatur of conviction."[3] Mot. for Summ. J. 1, ECF No. 89. On November 7, 2017, Petitioner filed a reply to Respondent's timely response. Pet.'s Reply 1, ECF No. 95.

---

[2] In an Order dated September 21, 2016, Respondents were granted sixty (60) days from the date Petitioner filed his supporting brief to submit their response. Order, ECF No. 83. Petitioner submitted his supporting brief on November 22, 2016. Pet.'s Br. in Supp., ECF No. 85.

[3] It is recommended that Petitioner's motion for summary judgment be denied as Respondent did submit a timely response to Petitioner's § 2255 motion.

3

## DISCUSSION

### I. Motion to Appoint Counsel

Petitioner moved for appointed counsel (ECF No. 81) on September 20, 2016. He argues that he has raised "meritorious issues that contain substantial question[s] of both law and fact[.]" Mot. to Appoint Counsel 1.

Defendants are not generally entitled to appointment of counsel for collateral proceedings. *See, e.g., Johnson v. Avery*, 393 U.S. 483, 487 ("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."). Under rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "if an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." According to that code section, a movant seeking relief under 28 U.S.C. § 2255 may be provided counsel if they are financially eligible and "the United States magistrate judge or the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2).

Here, the Court has not found that an evidentiary hearing is warranted. Further, the facts stated in Petitioner's § 2255 motion are not unusually complicated and the law governing his claims is neither novel nor complex. The Court finds that the interests of justice do not require that Petitioner be appointed counsel. Accordingly, Petitioner's motion seeking appointed counsel (ECF No. 81) is denied.

**II. Petitioner's § 2255 Motion**

Petitioner argues he is eligible for relief under 28 U.S.C. § 2255 because his trial counsel was unconstitutionally ineffective.[4] Mot. to Vacate 4. Respondents contend that Petitioner has failed to "establish that the manner in which counsel handled the motion to suppress or the trial was unreasonable." Resp. to Mot. 12. Because the Court finds that Petitioner's arguments are without merit, it is recommended that his motion for relief under § 2255 (ECF No. 80) be denied.

A. Legal Standard

The United States Supreme Court has determined that a successful claim of ineffective assistance of counsel requires a movant to show that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the defendant's case. *Strickland v. Washington* 466 U.S. 668, 688-92 (1984). In determining whether counsel's conduct was reasonable, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). To show actual prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A movant's burden

---

[4] Petitioner did not raise his ineffective assistance claims on direct appeal. However, the U.S. Supreme Court has unanimously held that ineffective assistance of counsel claims are exempt from the procedural default rule, regardless of whether a petitioner had different representation at trial and on appeal. *Massaro v. United States*, 538 U.S. 500 (2003). The Court therefore considers the merits of Petitioner's arguments.

when bringing an ineffective assistance claim "is not insurmountable" but "is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).

Consideration of ineffective assistance claims does not involve examining or second guessing every detail of a lawyer's representation. Courts are "not interested in grading lawyers' performances" but, instead, are "interested in whether the adversarial process at trial, in fact, worked adequately." *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992). A counsel's choice to pursue one line of argument more aggressively than another "is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." *Chandler*, 218 F.3d at 1318. Counsel "must be permitted to weed out some arguments to stress others and advocate effectively." *Haliburton v. Sec'y For Dep't Of Corr.*, 342 F.3d 1233, 1244 (11th Cir. 2003).

B. Petitioner's Arguments

*1. Motion to Suppress*

Petitioner contends that his trial counsel did not "properly handle the Motion to Suppress evidence" and erred by 1) "not focusing on the failure of the agents to get a search warrant for [Petitioner's] apartment prior to seizing [his] computer[,]" 2) failing to "investigate" the search warrant, and 3) not "impeach[ing] Agent White's testimony at the Motion to Suppress hearing after he changed his testimony about what the search warrant commanded." Mot. to Vacate 4. These arguments are contradicted by the record.

Petitioner's trial counsel expressly argued that the lack of a search warrant rendered the evidence obtained through the seizure of Petitioner's computer inadmissible. In the motion to suppress, trial counsel noted that when "the officers entered [Petitioner's]

6

apartment and seized the computer, *they did not have a search warrant*[]" and argued that "[t]he *warrantless* search and seizure was illegal and in violation of Defendant's rights[.]" Mot. to Suppress 4 (emphasis added). At the motion hearing, trial counsel stated that "one reason we are moving to suppress" was "[the case agent] had plenty of probable cause to get a search warrant" before going to Petitioner's home but failed to do so. Tr. 5, ECF No. 30. In rejecting trial counsel's arguments, the Court found that officers had "a legitimate concern that if they left the computer there at the home while they obtained a search warrant, [evidence] could be damaged or removed" thus, "exigent circumstances existed for [the officers] to seize the computer . . . without a warrant[.]" *Id*. at 57. Trial counsel's arguments regarding the lack of a search warrant were neither objectively unreasonable nor prejudicial to Petitioner. Petitioner's claim that his trial counsel ineffectively disregarded the lack of a warrant is meritless.

Next, Petitioner argues his trial counsel failed to properly "investigate" the search warrant. He claims trial counsel "was not prepared for the Motion to Suppress hearing" and "did not conduct any [pretrial] investigation" despite a "duty as counsel" to do so. Pet.'s Br. in Supp. 2, ECF No. 85. Petitioner contends this resulted in trial counsel's failure to argue that the search warrant's execution was illegal because it did not occur within ten days of the computer's seizure. *Id*. However, Petitioner's trial counsel directly questioned Respondent's witness about the ten-day requirement during the motion hearing. Tr. 29-32. The Court, in its oral findings at the hearing's conclusion, rejected the argument that the evidence was inadmissible due to delay between the seizure and searching of the computer. Tr. 57 ("[T]he Court finds that the delay in viewing the contents [of the computer] was

7

reasonable[.]"). Petitioner's argument that his trial counsel ineffectively prepared for the motion hearing and failed to investigate the search warrant is also meritless.

Petitioner also argues his trial counsel was ineffective because he did not impeach Respondent's witness—Agent White—at the motion hearing. Pet.'s Br. in Supp. 4. He alleges Agent White "changed his testimony about what the search warrant commanded" and trial counsel "would have destroyed Agent White's credibility" if he had properly impeached his testimony. *Id*. Agent White, when asked by trial counsel if he thought the search warrant required "conducting the search of the computer itself within [ten] days" replied "No, sir." Tr. 29. Later, the Court asked Agent White whether he "got the search warrant to allow [him] to eventually search the contents of the computer" and not "to justify after the fact that you had seized a physical computer." Tr. 43. Agent White responded affirmatively. *Id*. Petitioner contends trial counsel should have impeached Agent White after his response to the Court's question because it showed he "knew that the [ten] days refer[r]ed to the actual search of the computer." Pet.'s Br. in Supp. 4.

Petitioner's argument is meritless. First, it is not clear from the record that Agent White's testimony was impeachable. Second, Petitioner's assumption that if trial counsel had impeached Agent white, the Court would have "side[d] with [Petitioner] and his mother about the officers entering Mr. [Petitioner's] apartment illegally[]" and thus found "the seizure of [Petitioner's] computer was illegal[,]" is speculative at best. Petitioner's

argument regarding impeachment also fails to meet the standard for a successful ineffective assistance claim.[5]

## 2. *Petitioner's Medical Condition*

Petitioner alleges that his trial counsel was ineffective because he "failed to hire an expert witness on hypothyroidism" and "failed to submit evidence about [Petitioner's] condition at trial." Mot. to Vacate 4. He argues that an expert witness' testimony regarding his hypothyroid condition would have "explained to the court that [Petitioner] could have been confused during the interrogation video" and allowed trial counsel to argue that Petitioner's statements to law enforcement agents were not voluntary. Pet.'s Br. in Supp. 4. Similarly, Petitioner contends that an expert witness could have explained to the jury "that [Petitioner] could have been confused during the interrogation." *Id*. at 5. He argues introducing evidence and hiring an expert witness to testify about the effects of his illness "would have [given] the jury reasonable doubt[]" and resulted in an acquittal. *Id*. Respondent submits that Petitioner's argument is insufficient because Petitioner "has not shown how the outcome of the suppression hearing or trial would have been different had an expert testified or evidence submitted regarding [Petitioner's] hypothyroidism." Resp. to Mot. 16. The Court agrees with Respondent.

---

[5] Petitioner also claims that his trial counsel erred by not impeaching Agent White's testimony at trial. Pet.'s Br. in Supp. 5. He contends that Agent White should have been impeached after testifying at trial "that he downloaded [eleven] videos from [Petitioner's] computer through the Ares file sharing site" after allegedly stating in "the affidavit for the search warrant . . . he was only able to download [two] partial and [one] whole video from [Petitioner's] computer through the Ares file sharing site." *Id*. This argument fails for the same reason as the one above—it does not meet the standard for a successful ineffective assistance claim as the record contradicts Petitioner's assertion. *See* Min. Sheet re: Mot. to Suppress Def.'s Ex. 1 at 1-2, ECF No. 24-1.

Trial counsel's decision to not hire an expert witness or introduce evidence regarding Petitioner's medical condition is not an objectively unreasonable one. *See Chandler*, 218 F.3d at 1318-19. Further, Petitioner's assertion that an expert witness' testimony or medical record evidence would have converted his conviction into an acquittal or at least convinced the Court to suppress evidence, is speculative and not supported by the record. Petitioner has not shown that these decisions by trial counsel represent ineffective assistance.[6]

### 3. Alleged Failure to Object to PSR

Last, Petitioner claims his trial counsel was ineffective because he "failed to object to the evidence on the [PSR.]" Pet.'s Br. in Supp. 6. He argues that Respondent added "evidence" to the PSR so as to increase Petitioner's potential sentence. *Id.* This argument also fails, because Petitioner's counsel did object to the PSR and there is no record evidence indicating that Respondent withheld evidence from Petitioner or his trial counsel prior to the PSR's publication. *See* Obj. to PSR, ECF No. 44.[7]

---

[6] The Court notes that Petitioner's trial counsel did bring the Court's attention to Petitioner's medical condition during Petitioner's sentencing hearing, indicating that trial counsel made a strategic decision regarding how to "use" Petitioner's medical condition in the manner most beneficial to his client. Tr. 6, Jan. 16, 2015, ECF No. 74; *See Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Good advocacy requires winnowing out some arguments, witnesses, evidence, and so on, to stress others.").

[7] Trial counsel withdrew the objection to the PSR during the sentencing hearing, but did so "after reviewing the government's response and the case law and precedent cited." Tr. 4, Jan. 16, 2015. The Court noted at the time that the withdrawn objection, even if resulting in a change to the PSR's calculations, would have been immaterial because the guideline range applicable to Petitioner would still be "above the mandatory maximum sentence of 120 [months]." *Id.* at 4-5.

## III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court denies a collateral motion on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Petitioner's motions to vacate pursuant to § 2255 (ECF No. 80) and for summary judgment (ECF No. 89) be denied. Petitioner's motion for appointed counsel (ECF No. 81) is denied. Additionally, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the

Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 23rd day of October, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE